UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY LEE KAMMER | CIVIL ACTION |
| VERSUS | NO: 09-2836 |
| AMERICAN NURSING SERVICES, INC. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Mary Lee Kammer's Motion to Dismiss the Counterclaim for Judicial Dissolution, pursuant to Rule 12(b)(6), is **DENIED**. (Document #11.)

## I. BACKGROUND

On September 27, 2007, Mary Lee Kammer entered an employment agreement with American Nursing Services, Inc. (American Nursing), under which Kammer would serve as President and Chief Executive Officer of American Nursing for a period ending April 6, 2011. On January 5, 2009, Kammer was advised orally and without written notice that she was terminated, effective immediately.

On January 14, 2009, Kammer made a demand for payment of earned, unused leave time owed to her. Payment was not forthcoming; and Kammer filed a complaint in federal court, based on diversity jurisdiction, alleging breach of contract and failure to pay wages upon termination. In a supplemental complaint, Kammer alleges a breach of contract for failure to

indemnify claims in the instant proceeding and a breach of contract for failure to indemnify claims in a state court proceeding, American Nursing Services, Inc. v. Gifted Nurses, No. 07-16746 in the 22nd Judicial District Court, State of Louisiana.

American Nursing filed an answer and counterclaims for breach of the employment agreement by failing to perform under the agreement; breach of fiduciary duties; negligence; and a judicial dissolution of the agreement, pursuant to La. Civil Code art. 2013, restoring the parties to their pre-contract positions.

Kammer filed a motion to dismiss the counterclaim for dissolution of the agreement, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

**A. Legal standard**

The case is before the court in an unusual posture. Kammer attaches the agreement as an exhibit to her Rule 12(b)(6) motion, asserting that it is central to the counterclaim and appropriate for consideration. Kammer also states that she "relies solely on Rule 12(b)(6) for dismissal of claims addressed in the motion, notwithstanding the fact that the Employment Agreement referenced in the Original Complaint and serving the basis of this Counterclaim is attached hereto." See Motion, n. 1 and 3.

"It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not 'go outside the complaint.'" Rodriguez v. Rutter, 310 Fed. Appx. 623, 626 (5th Cir. 2009). "There is one recognized exception to that rule: A district court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are

central to the claim." Id. "If, however, a district court considers other information 'outside the complaint,' it must treat the motion to dismiss as a motion for summary judgment." Id. "In the event a motion to dismiss is converted to one for summary judgment, a district court must first give the parties notice, and then may consider all evidence presented." Id.

American Nursing does not challenge Kammer's choice of a Rule 12(b)(6) motion or the language of the agreement providing for termination. American Nursing focuses solely on its right to seek judicial dissolution outside of the contractual provisions for termination. Accordingly, the court will address the motion as presented as a Rule 12(b)(6) motion.[1]

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim to relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

**B. Judicial dissolution**

    **1. Articles 2013 and 2017**

Kammer argues that American Nursing fails to state a claim for judicial dissolution, pursuant to La. Civ. Code art. 2013 because the parties have contractually agreed upon a method

---

[1] In this case, it makes no difference whether the motion is one to dismiss under Rule (12)(b)(6) or for partial summary judgment because the document relates to the complaint. See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 290 (5th Cir. 20040>

of dissolution, pursuant to article 2017.

American Nursing argues that it has not explicitly waived its right to seek judicial dissolution, and the contractual provisions for termination do not constitute an agreed method to dissolve the agreement. American Nursing contends that, even if Kammer's interpretation of the termination provision is correct, it is not precluded from seeking judicial dissolution.

Article 2013 provides:

> When the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved. In either case, the obligee may recover damages.

Article 2017 provides:

> The parties may expressly agree that the contract shall be dissolved for the failure to perform a particular obligation. In that case, the contract is deemed dissolved at the time it provides for or, in the absence of such a provision, at the time the obligee gives notice to the obligor that he avails himself of the dissolution clause.

There is nothing in the Civil Code to indicate that American Nursing is precluded from seeking a judicial dissolution. Although a judicial dissolution may not be necessary, according to article 2017, that question is not before the court in this motion. Accordingly, American Nursing has raised a claim for relief that is above the speculative level.

### 2. La. Rev. Stat. 23:634

Kammer further argues that judicial dissolution would violate Louisiana's prohibition of forfeiture of wages, pursuant to La. Rev. Stat. 23:634.

La. Rev. Stat. provides:

> A. No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

Because there is no allegation that the contract includes a forfeiture of wages, Kammer presumably invokes La. Rev. Stat. 23:634 for the proposition that she is entitled to wages earned up to the time of her termination. There is no authority for her argument that a judicial dissolution would affect her claim for earned wages. Article 2018 provides:

> Upon dissolution of a contract, the parties shall be restored to the situation that existed before the contract was made. If restoration in kind is impossible or impracticable, the court may award damages.
> If partial performance has been rendered and that performance is of value to the party seeking to dissolve the contract, the dissolution does not preclude recovery for that performance, whether in contract or quasi-contract.

Accordingly, La. Rev. Stat. 23:634 does not preclude American Nursing from stating a claim for judicial dissolution of the contract.

### III. CONCLUSION

American Nursing has stated a counterclaim for judicial dissolution that is plausible on its face and above the speculative level. Therefore, Kammer's Rule 12(b)(6) motion to dismiss the counter claim for failure to state a claim upon which relief may be granted is denied.

New Orleans, Louisiana, this __21st__ day of August, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**